UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAJENDRA BARMA,<br><br>    Petitioner,<br><br>v.<br><br>ROGER MULCH, Jefferson County Sheriff,<br>RICARDO A. WONG, Field Office Director,<br>U.S. Immigration and Customs Enforcement,<br>and JANET NAPOLITANO, Secretary, U.S.<br>Department of Homeland Security<br><br>    Respondents. | )<br>)<br>)<br>)<br>) No.: 09-934 DRH-DGW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

Pending before the Court is Rajendra Barma's (Hereinafter Barma or Petitioner's) Petition for Habeas Corpus. Barma brings this action pursuant to 28 U.S.C. §§ 2241, et. seq., and §§1331, 1361 and the Administrative Procedure Act, 5 U.S.C. §704. These matters have been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation.

This action was filed by Petitioner on August 7, 2009, in United States District Court for the Northern District of Illinois. The case was transferred by

1

that court on November 5, 2009 to United States District Court for the Southern District of Illinois, as it is, the judicial district where petitioner Rajendra Barma is in custody. For the reasons set forth below, it is **RECOMMENDED** that the Petition for Habeas Corpus (Doc. 2) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The facts demonstrate the following:

Barma last entered the United States around 1994-95 as a visitor and overstayed his visitor's visa. Afterward Barma has been arrested and convicted on multiple offenses. On October 31, 1994, Barma was convicted in the Sauk County Circuit Court at Baraboo, Wisconsin, for the offense of Possession of Drug Paraphernalia, in violation of Wisconsin State Statute 16.573 (1). On February 22, 1996, Barma was convicted in LaCrosse, Wisconsin, for Criminal Damage to Property, in violation of section 943.01(1) of the Wisconsin State Statute. On November 7, 2007, Barma was convicted again of Criminal Damage to Property in Dane County Circuit Court at Madison, Wisconsin. On June 23, 2008, Barma was convicted in the Rock County Circuit Court at Janesville, Wisconsin, of Lewd and Lascivious Behavior-Exposure, in violation of section 944.20(1)(b) of the Wisconsin State Statute and Theft, in violation of section 943.20(1)(A) of the

Wisconsin State Statute. He received a concurrent terms of 90 days in the county jail on each offense.

Barma was arrested and detained by Immigration and Customs Enforcement (ICE) on March 26, 2009. ICE charged that Barma was removable from the United States pursuant to 8 U.S.C. §§1227(a)(1)( B),(a)(2)(A)(ii) and (a)(2)(B)(I). ICE set no bond for Barma maintaining that he had no lawful status in the United States and detention was mandatory based upon the crimes he had committed.

Barma challenged his custody status, and on April 27, 2009, the Immigration Court entered an order denying Barma's request for consideration for release on bond pursuant to §236 of the Immigration and Nationality Act ("INA"). Barma filed a timely appeal of this decision with the Executive Office of Immigration Review ("EOIR") on May 27, 2009.

On May 22, 2009 Barma had a removal hearing before an immigration judge. He, at that time as he has throughout the pendency of these proceedings, renewed his request for reconsideration of his custody status. He also presented his defenses to removal. The relevant portion of that hearing reveal that Barma admitted that he had overstayed his visitor's visa and was therefore subject to removal pursuant to Section 237(a)(1)(B) of INA. Barma denied, however, the charge that he was removable from the United States for having been convicted of

two crimes involving moral turpitude or that his conviction for possession of drug paraphernalia constituted a drug related controlled substance offense under Section 237(a)(2)(B)(I). Barma argued to the immigration judge that the Immigration Act provides that a person convicted of 30 grams or less is not subject to removal and that his conviction for drug paraphernalia would be a lesser included offense. Therefore, Barma argued, he was not subject to removal.

The government presented certified records of Barma's convictions and argued that the crime of possession of drug paraphernalia is an offense relating to a controlled substance violation under state and federal law. The immigration judge found that Barma was subject to removal from the United States as charged under Section 237(a)(1)(B) and Section 237(a)(2)(B)(ii) of the Act. The immigration judge did not sustain the charge of removability under Section 237(a)(2)(A)(ii), because the judge found that Barma's convictions for lewd and lascivious behavior, criminal damage to property, and possession of drug paraphernalia did not constitute crimes involving moral turpitude. Therefore, his finding was that Barma was only convicted of one crime involving moral turpitude, theft, and therefore did not fall within Section 237(a)(2)(A)(ii). Most importantly to the case at bar, the immigration judge, however, did find that the conviction for possession of drug paraphernalia fell within Section 237(a)(2)(B)(I)

of the Act, and that Barma was removable for that offense. The immigration judge issued this decision on May 22, 2009.

At the conclusion of the removal hearing, Barma requested another bond redetermination of the immigration judge as ICE had set no bond based upon his criminal convictions. The immigration judge denied his request for bond redetermination holding that Barma "is subject to mandatory custody under section 236© of the Act. . ." The immigration judge then denied Barma's request for release on bond. Barma subsequently appealed the immigration judge's bond and removal decisions. The bond appeal was denied by the Board on July 13, 2009, when the Board affirmed the immigration judge's decision and dismissed the appeal.

On August 7, 2009, Barma filed the instant Petition for Writ of Habeas Corpus. On November 4, 2009, U.S. District Court Judge Milton Shadur transferred the case from the Northern District of Illinois to the Southern District, because petitioner Barma is detained in custody in this district. On November 30, 2009, the Board of Immigration Appeals affirmed the immigration judge's removal decision. Barma has filed a petition for review of that decision in the Seventh Circuit Court of Appeals, and the matter is now before the Court of Appeals. *See Barma v. Holder*, No. 09-4135 (7th Cir.). The Seventh Circuit

5

issued a stay of removal on December 30, 2009, but then vacated that stay of removal on January 20, 2010.

## CONCLUSIONS OF LAW

This Court will first determine, as a threshold question, whether Petitioner's detention status under INA §236 remains the same after the EOIR has affirmed a decision to remove Petitioner and while the Seventh Circuit is reviewing the removal decision.

### Detention Status

Title 8 U.S.C. § 1231 is the statute governing detention and removal of aliens ordered removed. Section (a)(1)(B) states in pertinent part that the removal period begins on the latest of the following: (I) [t]he date the order of removal becomes administratively final (or) (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. Section 1231(a)(2) provides for mandatory detention during the removal period.[1] Additionally, an alien ordered removed, who is removable as a result of violations of status requirements or entry conditions, may be detained

---

[1] 2) Detention

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

6

beyond the removal period. *Zadvydas v. Davis,* 533 U.S. 678, 682 (2001) *citing* 8 U.S.C. § 1231(a)(6). During the removal period, the alien is normally held in custody. *Id.*

Petitioner's detention status has now changed in that he has been ordered removed and, is therefore, in the removal period. This period began on January 20, 2010, when the Seventh Circuit Court of Appeals vacated its order granting a temporary stay of removal. Respondents are now allowed an unencumbered ninety-day period to accomplish removal beginning on that date. Moreover, this detention of Barma is mandatory during this 90 day period under §1231(a)(2). Additionally, §1231(a)(6) says that the government "may" detain him beyond that period. To avoid a due process issue, the Supreme Court held in *Zadvydas,* 533 U.S. 678, that § 1231(a)(6) should be interpreted to create a presumption that if six months after the beginning of the removal period the alien has not been removed, he is entitled to be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701, *See also Hussain v. Mukasey*, 510 F.3d 739 (7th Cir. 2007).

Barma claims that §1231(a) does not apply to decisions concerning bond. He claims that 8 U.S.C. §1226(e) governs and allows Petitioner to file a habeas corpus petition because the detention issue is separate from the removal

proceeding. Barma further supports this argument by citing 8 C.F.R. §1003.19(d), which states that detention and bond hearings are separate and apart from removal hearings. The Court is not persuaded by Barma's arguments. Even if Barma was correct that the bond decision was reviewable, once he was ordered removed and the Court of Appeals lifted the stay of removal, detention was mandatory.

Consequently, ICE pursuant to the holding of *Zadvydas* and 8 U.S.C. § 1231(a)(6), that removable aliens can be detained for up to six months after the start of their removal period because they are illegally in the U.S., has authority to detain Petitioner without reconsideration for up to six months after the beginning of the removal period, which started on January 20, 2010.

This Court does recognize that it does have jurisdiction to hear habeas corpus claim pursuant to the holdings of *Zadvydas* and that this Court has jurisdiction to hear alien habeas claims as a forum to statutory and constitutional challenges. However, this Court also recognizes that Petitioners argument is moot, pursuant to *Zadvydas* that "after an entry of final removal order and during the 90-day removal period , however, aliens must be held in custody." *Id.* at 682. Barma's argument, arguing for release on the grounds that he was improperly held during the administrative proceedings, is moot. Petitioner is now being held because he is not in compliance with admissions laws. Petitioner is no longer

being held because his criminal conviction yields mandatory detention.

Petitioner's detention status has changed from when Petitioner was being held during the pendency of his administrative proceedings. In this case, Petitioner is now in the 90 day removal period as defined by the statute and can be detained without reconsideration until six months after the beginning of his 90 day removal period, which began on January 20, 2010.

Additionally, Petitioner brought this action against Jefferson County Sheriff Roger Mulch, Field Office Director of the Chicago Office of Immigration and Customs Enforcement Ricardo Wong, and Secretary of U.S. Department of Homeland Security Janet Napolitano (collectively "Respondents"). Respondents suggest that Ricardo Wong and Janet Napolitano should be dismissed for lack of personal jurisdiction. The Court need not reach a decision as to whether Richard Wong or Janet Napolitano are proper parties to this petition as it is not necessary to determine its outcome. *Hussain v. Mukasey*, 510 F.3d 739, 740 (7th Cir. 2007) citing *Rumsfeld v. Padilla*, 542 U.S. 426, 436 n.8 (2004).

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. §§ 2241, et. seq., and §§1331, 1361, as well as Administrative Procedure Act, 5 U.S.C. §704 (Doc. 2) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions

of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: March 25, 2010**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
